IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **SHIRLEY DIONE WEBSTER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1279-KHV |
| | ) | |
| **WILLIAM BARR, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER AND ORDER TO SHOW CAUSE

On October 13, 2020, plaintiffs filed suit against William Barr, Gregory Frizzel, Jim Felte, Timothy Tymkovich, Barbara Lynn, Irma Carrillo Ramirez, Mary Fallon, Elizabeth Schumacher, Michael Gans, Scott S. Harris, Jacob Levitan and Redmond K. Barnes.  See Complaint (Doc. #1) filed October 13, 2020.  The matter is before the Court on the Motion To Hear Speedy Trial Act, 18 USC Sec 3161-3174 (Doc. #16), which plaintiffs filed on January 15, 2021.  The Speedy Trial Act does not apply to civil cases.  See 18 U.S.C. § 3161 (trial must begin not less than 70 days from date defendant charged by information or indictment); U.S. Const. amend VI ("In all *criminal prosecutions*, the accused shall enjoy the right to a speedy and public trial. . . .") (emphasis added). The Court therefore overrules plaintiffs' motion.

More importantly, plaintiffs' complaint is incomprehensible.  Plaintiffs make broad assertions that defendants have used "Federal Rules" 36 and 47 to violate plaintiffs' due process rights and "do bodily harm."  See Complaint (Doc. #1), ¶¶ 3, 5, 12, 20.  It is unclear whether plaintiffs refer to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure or the Federal Rules of Appellate Procedure.  Plaintiffs also assert that defendants took plaintiffs'

constitutional rights and plaintiffs' right to go to war for the Constitution.  Id., ¶¶ 13–15.  Plaintiffs do not specify how, why or when defendants did so.

Plaintiffs bear the burden of framing their claim with enough factual matter to suggest that they are entitled to relief; under Rule 12(b)(6), Fed. R. Civ. P., it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  The complaint must contain sufficient factual matter to state a claim which is plausible–not merely conceivable–on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Plaintiffs make a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendants are liable for the alleged misconduct.  Id. at 678.  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.  Id.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief.  Id.  The degree of specificity necessary to establish plausibility and fair notice depends on context because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).  While the Court liberally construes pleadings from pro se plaintiffs, it does not assume the role of plaintiffs' advocate.  United States ex rel. Brathwaite v. Kansas, No. 19-2265-KHV, 2020 WL 837431, at *2 (D. Kan. Feb. 20, 2020).

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Hear Speedy Trial Act, 18 USC 3161-3174 (Doc. #16) filed January 15, 2021 is **OVERRULED.**

**IT IS FURTHER ORDERED** that on or before February 9, 2021, plaintiffs show good cause in writing why the Court should not dismiss plaintiff's complaint as legally and factually insufficient under Rule 12(b)(6), Fed. R. Civ. P.

Dated this 3rd day of February, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
